IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| DR. SYMMONS, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

On October 6, 2008, Plaintiff John Oliver, an inmate at SCI-Rockview, filed a proposed Amended Complaint, as well as a Motion file a Supplemental Pleading pursuant to "Rule 15(a)(d) (sic)". **(Docs. 37 and 40).**

Plaintiff states that he "believes that he has been retaliated against for filing this lawsuit by prison officials." (Doc. 40, ¶ 2). Plaintiff states that he seeks the opportunity to raise his First Amendment retaliation claim in his present case. (*Id.*, ¶ 3).

In his proposed Amended Complaint, Plaintiff again names as Defendants all of the eight named Defendants who have been previously dismissed in this case as well as remaining Defendant Dr. Symmons and two new Defendants, namely Physician Assistant ("PA") Valerie and PA Aaron.[1] Plaintiff's claims asserted against the eight named dismissed Defendants in his proposed Amended Complaint (Doc. 37) are essentially the same claims he raised against them in his original Complaint. (Doc. 1). See Doc. 17. Plaintiff also raised these same claims against most of the

---

[1] Plaintiff does not state the last names of PA Valerie and PA Aaron. (Doc. 37, pp. 1 and 12).

dismissed Defendants in two other, almost identical civil rights actions he filed with this Court in Case Nos. 08-1404 and 08-1473, M.D. Pa. See Docs. 30 and 31.[2]

A review of Plaintiff's proposed Amended Complaint (Doc. 37) reveals that, for the most part, Plaintiff is simply trying to reassert his Eighth Amendment cruel and unusual punishment claims against the dismissed Defendants based on their alleged failure to heed his warnings about the unsafe conditions in the prison tray room and their alleged failure to prevent the harm Plaintiff suffered when he slipped and fell on a tray in the tray room where he worked on January 18, 2008. (Doc. 37, pp. 7-11). Plaintiff also made this same attempt when he filed his two subsequent actions with this Court, namely case No. 08-1404 and case No. 08-1473.

---

[2]In Plaintiff's case #08-1473, the undersigned screened the Complaint pursuant to the PLRA and issued a Report and Recommendation ("R&R") on September 10, 2008. We recommended, in part, as follows:

> It is recommended that all of Plaintiff's claims, including his Eighth Amendment conditions of confinement claims, in his 08-1473 Complaint against all named Defendants therein, except for his First Amendment retaliation claim against Defendant Sowash and his First Amendment retaliation claim and access to court claim against unnamed prison staff, be dismissed based on the District Court's June 16, 2008 Order issued with respect to Plaintiff's # 08-0796 Complaint. It is recommended that Plaintiff's First Amendment retaliation claim and access to court claim in case # 08-1473 against unnamed prison staff be dismissed. It is recommended that Plaintiff's First Amendment retaliation claim against Defendant Sowash in case # 08-1473 be dismissed without prejudice to re-file it after he exhausts his DOC administrative remedies.

To date, our R&R in case #08-1473 has not been ruled on by the District Court. Plaintiff's case #08-1404 was dismissed by the District Court on September 10, 2008.

2

It is within the Court's discretion to grant or deny a request for leave to file an amended pleading. *Id.; Farmer v. Brennan*, 511 U.S. 825, 845, 114 S.Ct. 1970, 1983 (1994). Furthermore, as Plaintiff also recognizes (*Id.*), leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id.*

The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). We are well aware Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F. 2d 820, 823 (3d Cir. 1978).[3]

We find Plaintiff's proposed Amended Complaint to be, in large part, an improper attempt, for the third time, to simply re-assert his dismissed Eighth Amendment claims against the dismissed Defendants based on the exact same factual scenario as stated in his original Complaint

---

[3]While Rule 15(a) provides that leave of Court does not have to be obtained to file an amended pleading before a responsive pleading is served and Defendant Dr. Symmons has not yet filed a responsive pleading in this case, since Plaintiff filed a Motion for leave to file his supplemental pleading (Doc. 40), the Court can deny Plaintiff's Motion. We also find Plaintiff's proposed Amended Complaint is merely an attempt to circumvent the District Court's Orders already entered in this case. (Docs. 14 and 31). We also note that the District Court has previously denied Plaintiff's Motion to Amend/Correct his Complaint. (Docs. 12 and 14).

3

as well as in his Complaints filed in case No. 08-1404 and case No. 08-1473. To the extent that Plaintiff re-asserts his Eighth Amendment denial of proper medical care claim with respect to his treatment after he fell on the tray, Plaintiff does not require an amended pleading to proceed on this claim, since it is currently pending as against the sole remaining Defendant, Dr. Symmons, who was in charge of Plaintiff's treatment for his right arm injury after his fall on a tray in the tray room where he worked on January 18, 2008. (Doc. 37, pp. 11-12). Further, insofar as Plaintiff seeks to add Eighth Amendment denial of proper medical claims against two new Defendants in his proposed Amended Complaint with respect to the care he received for his right arm injury after his fall, i.e. PA Valerie and PA Aaron, we find that Plaintiff's allegations against these two PA's, including that they failed to order immediate x-rays of his arm, they failed to order rehabilitation or therapy for his arm, they failed to allow him to get a second opinion of an outside specialist, and they did not prescribe adequate amounts of pain medication for him, all relate to Plaintiff's care which was primarily under the direction of the prison physician, Defendant Dr. Symmons, and not the PA's. (Id., p. 12).

As this Court stated in Anderson v. BOP, 2005 WL 2314306 (M.D. Pa. 2005), *7:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999)(citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish a medical claim based on the Eighth Amendment, an inmate must allege (1) acts or omissions by prison officials sufficiently harmful (2) to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir.2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir.2003). The inmate must satisfy this two-part, conjunctive test. Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference. See Farmer v. Brennan,511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

4

In the context of prison medical care, the Eighth Amendment can be violated by the deliberate indifference of: (1) prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; or (3) prison staff intentionally interfering with medical treatment once it is prescribed. *Estelle v. Gamble,* 429 U.S. 97, 104--105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, if a prisoner is under the care of a medical expert, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner...." *Spruill,* 372 F.3d at 236; *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir.1993) (prison personnel who are not physicians cannot be considered deliberately indifferent for failing to respond to an inmate's medical needs when the inmate is already receiving treatment from the prison's medical staff).

Thus, we find futility of allowing Plaintiff to add Eighth Amendment denial of medical care claims based on his treatment for his right arm injury against the two new PA proposed Defendants since he is already proceeding on such a claim against the prison official who was personally responsible for his care and who was in charge of deciding what care Plaintiff required, such as if Plaintiff needed an x-ray and an outside specialist consultation, and what dosage of pain medication. With respect to Plaintiff's new First Amendment retaliation claim in his proposed Amended Complaint (Doc. 37, pp. 14-16), Plaintiff avers that after he filed a separate lawsuit in this Court (*i.e.* either case No. 08-1404 or case No. 08-1473), he was retaliated against by the prison mail supervisor, Stewart E. Boone. Plaintiff states that Boone should have made sure that his time-sensitive legal mail was mailed out promptly to this Court. Plaintiff alleges that Boone caused his legal mail to be mailed out late and delivered late to this Court, which "directly affected the outcome of [Plaintiff's] appeal of [the Magistrate Judge's] decision in [a] Report and Recommendation. . ." (Doc. 37, p. 14). Plaintiff states that Boone delayed sending out Plaintiff's

5

time-sensitive legal mail to this Court since he did not have sufficient funding in his inmate account and since he ran out of envelopes. (*Id.*, pp. 14-15). Plaintiff claims that Boone could have charged his inmate account a negative balance and mailed out his legal filings. Plaintiff also states that his legal mail had to go out, despite the lack of funds in his account, in order to appeal the decision of the District Court. (*Id.*, p. 15).

We do not find that Plaintiff has even stated a viable First Amendment retaliation claim against Boone since Plaintiff appears to admit that Boone did not promptly mail out his legal filings because Plaintiff lacked sufficient funds in his inmate account and lacked envelopes. Plaintiff does not allege that Boone failed to promptly send out his legal mail because of Plaintiff's lawsuits he filed against prison staff.

In *O'Connell v. Sobina*, 2008 WL 144199, *11 (W.D. Pa.), the Court stated:

> [M]erely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) that he was subjected to adverse actions by a state actor (here, the prison officials); and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *see Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997).
>
> If the plaintiff proves these three elements, the burden shifts to the state actor to prove that it would have taken the same action without the unconstitutional factors. *Mt. Healthy*, 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that the y would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser*, 241 F.3d

at 334. Because retaliation claims can be easily fabricated, district courts must review prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. See *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995);, cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L .Ed.2d 747 (1996); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Plaintiff's allegations, liberally construed, may state the first two elements of a First Amendment retaliation claim, however Plaintiff's own allegations fail to establish the third required element. Plaintiff's own allegations show that Boone would have made the same decision regarding legal mail, regardless of Plaintiff's lawsuits against staff since Plaintiff avers that his mail was delayed due to his lack of funds in his account an dude to his lack of envelopes. (Doc. 37, p. 14). *See Rauser v. Horn*, 241 F. 3d 330, 334 (3d cir. 2001).

As the *O'Connell* Court stated:

> The third element of a retaliation claim requires the plaintiff to show that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. This "motivation" factor may be established by alleging a chronology of events from which retaliation plausibly may be inferred. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Goff v. Burton*, 91 F.3d 1188 (8th Cir. 1996); *Pride v. Peters*, 72 F.3d 132 (Table), 1995 WL 746190 (7th Cir. 1995). It is Plaintiff's burden to prove that the Defendants were motivated by retaliation. *Hannon v. Speck*, 1988 WL 131367, at * 4 (E.D. Pa. Dec. 6, 1988) ("In bringing a § 1983 action alleging such retaliation, an inmate faces a substantial burden in attempting to prove that the actual motivating factor . . . was as he alleged.") (internal quotes an d citation omitted), aff'd. 888 F.2d 1380 (3d Cir. 1989) (Table).

2008 WL 144199, *12.

As discussed in detail above, Plaintiff's proposed amended pleading do not allege that the protected activity, *i.e.* Plaintiff's lawsuits against staff, was a substantial motivating factor in Boone's decision to delay the sending of Plaintiff 's legal mail.[4] Further, Plaintiff does not state a First Amendment denial of access to court claim as against Boone since the docket clearly reflects that Plaintiff's Objection to the undersigned's Report and Recommendation (Docs. 7 and 11) was filed in this case before the District Court ruled on the R&R, and that Plaintiff's Third Circuit appeal of the District Court's decisions in this case was filed and is presently pending. (Docs. 25 and 41). Thus, Plaintiff has failed to allege an actual injury to either the present case or to his appeal pending with the Third Circuit.

As the Third Circuit Court stated in *Salkeld v. Tennis*, C.A. No. 07-1776, (3d Cir. 9-13-07), slip op. p. 3, 2007 WL 2682994, * 1 (3d Cir. 2007), 248 Fed. Appx. 341 (Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing. *Lewis v. Casey*, 518 U.S. 343, 349 (1969). Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Id.* at 351. *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail). However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence of conditions of confinement. *Lewis*, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

---

[4]We also note that there is no First Amendment right to subsidized mail. *See Salkeld*, 248 Fed. Appx. 341, 342 (3d Cir. 2007); *Atwell v. Levan*, 557 F. Supp. 2d 532, 557 (M.D. Pa. 2008).

In *O'Connell*, 2008 WL 144199, * 10, the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher*, 536 U.S. at 415.

Finally, as we stated in our September 10, 2008 Report and Recommendation (Doc. 30), to the extent that Plaintiff seeks to raise a new First Amendment retaliation claim in this case, he must first exhaust his DOC administrative remedies with respect to this claim. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*[5]

---

[5] We note that the Third Circuit Court of Appeals has held that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

The Third Circuit has recently stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted).

Plaintiff clearly has not exhausted his DOC administrative remedies with respect to his First Amendment retaliation claim against Boone since he avers that this conduct just recently occurred after he filed his other lawsuit with this Court. (Doc. 37, p. 14). We take judicial notice that Plaintiff filed his case No. 08-1404 on July 28, 2008, and his case No. 08-1473 on August 6, 2008. Thus, we find futility of any Amended Complaint with respect to the proposed new First Amendment retaliation claim against Boone and we shall not grant Plaintiff leave to amend his Complaint with respect to his present proposed claim against Boone. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

An appropriate Order follows.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: October 14, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| DR. SYMMONS, | : | |
| Defendant | : | |

## ORDER

Accordingly, this /4th day of **October, 2008, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Leave to File a Supplemental Pleading **(Doc. 40)** is **DENIED.**

2. Plaintiff's proposed Amended Complaint **(Doc. 37)** which has already been docketed by the Clerk of Court, shall be STRICKEN FROM THE DOCKET.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: October 14, 2008

11